# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DALLAS RAY DELAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14CV1937 DDN |
| GEORGE LOMBARDI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner at Potosi Correctional Center ("PCC"), brings this action under 42 U.S.C. § 1983 and Title II of the ADA against several officials at PCC. Under 28 U.S.C. § 1915A, the Court is required to screen complaints filed by prisoners and to dismiss them if they are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. Having reviewed the complaint, the Court finds that it must be dismissed for failure to state a claim upon which relief can be granted.

## The Complaint

On May 8, 1973, plaintiff pled guilty in Missouri state court to three counts of murder in the first degree. The state court sentenced him to three consecutive life sentences.[1] A review of Missouri Case.net shows that over the course of several years petitioner has filed several petitions for writs of habeas corpus and for writs of mandamus challenging the validity of his continued confinement, all of which were denied.

In his complaint, plaintiff alleges that defendants have refused to credit him $54.00 towards his prison account statement so that he can purchase copies of his 1973 criminal case

---

[1] As a result of the three murders, plaintiff was also convicted in this Court of bank robbery and three counts of killing in an attempt to avoid apprehension for bank robbery, for which he was sentenced to 100 years' imprisonment. See Delay v. United States, 602 F.2d 173, 175 (8th Cir. 1979).

files. Plaintiff says he needs these documents to challenge the validity of his conviction in state habeas proceedings. Plaintiff is attempting to challenge his sentence on the grounds that (1) there are no state court records of a change in venue, (2) he was never charged by indictment or information for the murders, and (3) he was given mind-altering drugs against his will before he pled guilty.

Plaintiff says he brought two recent habeas actions in state court that were summarily "dismissed without a hearing or facts findings and conclusion or addressing the 'subject matter jurisdiction.'" Compl. at 9. He claims he lacked the funds to pay for the state court files so that he could "further his appeals." He asked defendant Paul Johnson to give him a check from his trust fund account to pay for the copies even though he did not have sufficient funds in the account.

The prison will provide an inmate with legal supplies if the inmate is sufficiently indigent and if the inmate has a "qualified legal issue with a documented court ordered, or statutory deadline." Compl. at 10. Defendants denied plaintiff's requests for state assistance because he had $11.21 in his trust account when he requested assistance, which exceeded the level required to show indigence (less than $8.50 in account for past thirty-one days). Plaintiff contends that the policy violates his right of access to the courts.

Plaintiff asserts that he has short-term memory problems, so that when he tries to use the prison library's computers to research legal issues he has to re-learn how to use the computers on each visit. Plaintiff requested that prison officials provide him with assistance in using the computers or else a prison law clerk who could do his legal work for him. Ultimately, his request was denied. Plaintiff suggests that the denial violates his rights under Title II of the ADA.

**Discussion**

To state a plausible claim for denial of right of access to the courts, plaintiff must allege that he suffered actual prejudice to a non-frivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349-55 (1996). Plaintiff's right-of-access claim fails because his claims before the state habeas courts are frivolous. In Missouri, "habeas corpus is not a substitute for appeal or post-conviction proceedings. Habeas corpus may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results." Missouri ex rel. Simmons v. White, 866 S.W.2d 443, 446 (Mo. banc 1993) (emphasis in original). Petitioner's claims could have been brought on direct appeal or in timely state postconviction proceedings. As a result, his § 1983 claim fails as a matter of law.

Title II of the ADA applies to "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "[t]he term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc). Plaintiff has not named any qualifying public entity in his complaint. Therefore, his ADA claim fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of November, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE